## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOUIS FLOYD on behalf of himself and others similarly situated : : : | |
| Plaintiff, : : | Case No. |
| v. : : : | |
| BLUE COLLAR PEOS and TREVOR DOYLE : : : | |
| Defendants. : / | |

## CLASS ACTION COMPLAINT

Plaintiff Louis Floyd, by his undersigned counsel, for this class action complaint against Defendants Blue Collar PEOs and Trevor Doyle, and their present, former, and future direct and indirect parent companies, subsidiaries, affiliates, agents, and other related entities, alleges as follows:

### Preliminary Statement

1. Plaintiff Louis Floyd ("Plaintiff" or "Mr. Floyd") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, the Defendants sent unsolicited facsimile advertisements promoting construction insurance services to putative class members, including the Plaintiff Mr. Floyd.

3. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Floyd brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendants.

4. A class action is the best means of obtaining redress for Defendants' wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff is a natural person residing in California.

6. Defendant Blue Collar PEOs is a business in this District.

7. Defendant Trevor Doyle is the owner of Blue Collar PEOs.

**Jurisdiction & Venue**

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) because the Defendants are a residents of this district. Venue is also proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the Defendants transmitted the facsimile advertisements at issue from this District.

**TCPA Background**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. The TCPA forbids sending unsolicited advertisements for goods or services via facsimile ("Junk Faxes"). 47 U.S.C. § 227(b)(1)(C).

12. The TCPA requires that even those fax advertisements being sent to those who consented to their receipt, or with whom the advertiser has an established business relationship, include an opt-out notice ("Opt-Out Notice"). *Id.* § 227(b)(2)(D).

13. In order to comply with the TCPA's Opt-Out Notice requirements, each fax advertisement must include all of the following:

   a) clear and conspicuous language on the first page stating that recipients may request that the sender not send any unsolicited advertisements and informing recipients that failure to comply with such a request within the shortest reasonable time, as determined by the FCC, is unlawful;

   b) a toll free phone that the recipient may use to submit a request to cease transmitting fax advertisements to the recipient; and

   c) a facsimile number that a recipient may use to submit a request to cease transmitting fax advertisements to the recipient.

47 U.S.C. § 227(b)(1)(C); 47 C.F.R. § 64.1200(a)(4)(iii)-(v).

14. The TCPA provides a private right of action to recipients of Junk Faxes. 47 U.S.C. § 227(b)(3).

15. Mr. Doyle designed the advertisement.

16. Mr. Doyle selected the recipients of the advertisement.

17. Mr. Doyle placed his own contact information on the advertisement.

18. In fact, Mr. Doyle sent the facsimile advertisement himself.

**Factual Allegations**

19. Defendants' business is construction insurance services.

20. Defendants' business model includes marketing through facsimile advertisements.

21. Recipients of Defendants' Junk Faxes, including Plaintiff, are in the construction industry and have never consented to receive them and that have no preexisting business relationship with Defendants.

22. Mr. Floyd is a "person" as defined by 47 U.S.C. § 153(39).

23. On May 7, 2019, Mr. Doyle sent the below fax advertisement:



24. The fax announced the commercial availability of the Blue Collar's goods.

25. The fax gives several indications that it was sent by Blue Collar. For example:

    a) It uses the word "we"

    b) It lists a "bluecollarpeos" URL and email address.

    c) It has a "bluecollar" logo.

26. The fax advertisement was unsolicited.

27. The fax lacked a complaint Opt-Out Notice.

28. The fax was completely generic.

29. Plaintiff did not provide permission to Blue Collar to send him fax advertisements, or faxes at all.

30. Plaintiff has never been a customer of Blue Collar, nor has he ever been interested in being a customer of Blue Collar.

31. The fax occupied Plaintiff's fax line, making it unavailable for legitimate communications.

32. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Blue Collar because their privacy has been violated, they were subjected to annoying and harassing faxes that constituted a nuisance, and their fax lines were rendered unavailable for lawful communications.

**Class Action Allegations**

33. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

34. The class of persons Plaintiff proposes to represent is tentatively defined as:

>All persons and entities to whom: (a) Defendants and/or a third party acting on Defendants' behalf sent one or more faxes; (b) advertising Defendants' goods or services (d) at any time in the period that begins four years before the date of filing this complaint and ends at the date of trial.

35. Excluded from the class is Defendants, and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

36. The class as defined above is identifiable through phone records and phone number databases.

37. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

38. Plaintiff is a member of the class.

39. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

   a. Who sent the faxes?

   b. Did Defendants send the faxes in order to make sales?

   c. Did the faxes contain a compliant Opt-Out Notice?

   d. Did Defendants have a practice of obtaining consent before sending facsimile advertisements?

   e. Where did Defendants get the list of phone numbers and addressees used for the "mail merge"?

   f. Did the faxes violate the TCPA?

   g. Were Defendants' violations knowing or willful?

   h. Should Defendants be enjoined from sending facsimile advertisements?

40. Plaintiff's claims are typical of the claims of class members.

41. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

42. The actions of Defendants are generally applicable to the classes as a whole and to Plaintiff.

43. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

44. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

45. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA

46. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

47. Defendants violated the TCPA, 47 U.S.C. § 227(b)(1)(C), by sending unsolicited advertisements for goods and services via facsimile.

48. Plaintiff and members of the National Class are entitled to an award of $500 in damages for each violation of the statute or up to $1,500 for each willful or knowing violation. 47 U.S.C. § 227(b)(3).

49. Plaintiff and members of the National Class are also entitled to, *id.*, and do seek an injunction prohibiting Defendants and all other persons who are in active concert or participation with it from sending facsimile advertisements.

### Relief Sought

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Class, prays for judgment against Defendants as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that actions complained of herein by Defendants violate the TCPA and UCL;

E. An order enjoining Defendants and all other persons who are in active concert or participation with it from sending facsimile advertisements;

F. An award to Plaintiff and the National Class of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich (Bar No. ct30799)
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018

Andrew W. Heidarpour
aheidarpour@hlfirm.com
HEIDARPOUR LAW FIRM, PLLC
1300 Pennsylvania Avenue NW, 190-318
Washington, District of Columbia 20004
Telephone: (202) 234-2727
*Subject to Pro Hac Vice*